UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
JERRY MCBEE, :
:
Petitioner, : **<u>MEMORANDUM & ORDER ADOPTING</u>**
: **<u>REPORT & RECOMMENDATION</u>**
-against- :
: 05-cv-4752(DLI)(LB)
JOHN BURGE, Superintendent, Auburn :
Correctional Facility, :
:
Respondent. :
:
:
------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

Petitioner Jerry McBee objects to the February 12, 2009 Report and Recommendation of United States Magistrate Judge Lois Bloom ("R&R"),[1] which recommended that his petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied, but that a certificate of appealability issue. The Magistrate Judge agreed with the Appellate Division, Second Department's holding on appeal from the judgment of conviction that the trial court violated petitioner's rights under the Sixth Amendment's Confrontation Clause by allowing the prosecution to introduce certain out-of-court statements, over petitioner's objection, which pointed to petitioner's involvement in a robbery that resulted in a fatal shooting. (R&R at 10, 15.) This part of the R&R is undisputed, and the court agrees with the Magistrate Judge's conclusion that a violation occurred. However, the Magistrate Judge further agreed with the Appellate Division that the violation constituted harmless error under the Supreme Court's decisions in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993), and *Fry v. Pliler*, 551 U.S. 112, 127 (2007), because the erroneously admitted

---

[1] Familiarity with the R&R, as well as the procedural history and relevant facts of this case is assumed.

statements did not have a substantial and injurious effect on the jury's verdict. (R&R at 19-20.) Petitioner objects to this conclusion. For the reasons set forth below, the court concurs with the findings of the Magistrate Judge and adopts the R&R in its entirety.

I. Standard of Review

When no objections to the R&R are made, the court may adopt the R&R if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). When objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

II. Discussion

In concluding that the Confrontation Clause violation constituted harmless error, the Magistrate Judge reasoned that, even without the erroneously admitted statements, the jury had sufficient evidence to convict petitioner. The prosecution properly introduced three statements by petitioner—two written and one videotaped—in which he confessed that he acted as a lookout during the attempted robbery. (R&R at 17-18.) There is no evidence that these confessions, which the police obtained after administering *Miranda* warnings to petitioner, were illegally obtained. (R&R at 17.) Furthermore, other testimonial and physical evidence corroborated petitioner's confessions. (R&R at 18) (summarizing the corroborating evidence).

Petitioner objects to this finding on two grounds. First, petitioner argues that the R&R "ignored a highly significant fact: Petitioner's two previous trials ended in hung juries." (Pet'r. Objs. at 9.) Petitioner contends that this fact "precludes a finding that the improperly admitted

2

testimony was harmless." (*Id.*) The court disagrees. As an initial matter, the Second Circuit has never accorded prior hung juries the same weight in the harmless error analysis that petitioner apparently does. In *United States v. Newton*, the Second Circuit explained that, although a prior hung jury "*may* support a finding that an error committed with respect to a very close issue during a retrial is not harmless, . . . it does not compel such a conclusion." 369 F.3d 659, 680 (2d Cir. 2004) (emphasis added); *see also Zappulla v. New York*, 391 F.3d 462, 485 n.14 (2d Cir. 2004) (R. Raggi, J. dissenting). The court reasoned that a "jury may hang for a number of reasons, including the idiosyncratic views of a single juror." *Newton*, 369 F.3d at 680. Even the majority opinion in *Zappulla*, upon which petitioner principally relies for this issue, does not place determinative weight on the fact that a prior trial resulted in a hung jury—it was merely one of several circumstances suggesting that the prosecution's case was weak. *See* 391 F.3d at 468-71.[2]

Additionally, in this instance, the results of the two prior trials are not reliable indicators of the strength of the prosecution's case in the third trial because the jury in the third trial heard testimony from Ebony Lilly, a witness who did not testify at the prior trials. Lilly's testimony was significant—she testified that petitioner had admitted to her that he was involved with the fatal robbery. (Trial Transcript ("Tr.") at 938, 945, 951.) The court is not persuaded by petitioner's attempts to downplay the significance of Lilly's testimony by attacking her credibility and pointing to its alleged inconsistencies with other testimony. The alleged inconsistencies and credibility issues, all of which were presented to the jury, obviously did not

---

[2] It is also unclear whether the *Zappulla* majority would have found that the state court's finding of harmless error was objectively unreasonable had they properly applied the "substantial and injurious" standard under *Brecht* and *Fry* instead of the less forgiving "harmless beyond a reasonable doubt" standard under *Chapman v. California*, 386 U.S. 18, 24 (1967). *See Zappulla*, 391 F.3d at 467.

deter the jury from convicting petitioner. A reviewing court may not lightly overturn a jury's credibility determinations as the jury was in the best position to make such findings. *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) (citations omitted). Furthermore, Lilly's testimony is very similar to the improperly admitted statements: both identify petitioner by the nickname "Black" (Tr. at 936-38; R&R at 10) and establish his involvement in the fatal robbery (Tr. at 941, 945; R&R at 10). The court cannot disregard the impact that Lilly's testimony must have had on the jury.[3] In sum, the court finds that, because the jury in the third trial heard significant new evidence implicating petitioner that was not presented to the two prior juries, the results of the prior trials offer little, if any guidance in assessing the strength of the prosecution's case in the third trial.

Second, petitioner argues that, in light of the severity of the Confrontation Clause violation, the properly admitted evidence was not significant enough to render the violation harmless. The court disagrees. Here, the properly admitted evidence includes, *inter alia*, petitioner's two written confessions and videotaped confession admitting his involvement in the fatal robbery. The Second Circuit recently emphasized the significance of a petitioner's confessions in conducting a similar harmless error analysis. *See Pearson v. Ercole*, 310 Fed. App'x 445, 446 (2d Cir. Feb. 18, 2009). In *Pearson*, the court found that the erroneous admission of a videotaped confession did not have a "substantial and injurious effect" on the jury's verdict as it was cumulative in light of the introduction of the defendant's two written

---

[3] Petitioner's efforts to minimize the significance of Lilly's testimony further underscore his misplaced reliance on prior hung juries as accurate gauges of the strength of a case. The only new evidence presented at this trial, which was not presented at the prior trials, was Lilly's testimony. Without Lilly's testimony, two prior juries were unable to convict, but when the third jury considered the testimony, it swiftly convicted petitioner. Thus, according to petitioner's own argument, this result underscores the pivotal impact that Lilly's testimony must have had on the jury.

4

confessions to the murder. *See id.*[4] Here, as in *Pearson*, in addition to petitioner's two written confessions admitted at trial, the jury viewed his videotaped confession to his involvement in the fatal robbery. (Tr. at 898.) Unlike *Pearson*, in the case at bar, there is no dispute that the written and videotaped confessions were properly admitted and that the confessions were constitutionally obtained. In light of the more incriminating nature of the constitutionally acquired and properly admitted videotaped and written confessions in this case, and the Second Circuit's harmless error analysis in a substantially similar case, petitioner's argument that the out-of-court statements complained of here had a "substantial and injurious effect" on the outcome of the case has no merit.[5] In light of petitioner's three confessions, as well as the corroborating testimonial and physical evidence, the court concludes that the erroneously admitted statements did not have a substantial and injurious impact on the verdict.

---

[4] The videotape showed Pearson confessing that he aided in the execution of the victim by pointing him out. *Pearson v. Ercole*, CV-06-5315 (BMC), 2007 WL 2128350, at *3, 7 (E.D.N.Y. July 25, 2007), *aff'd*, 310 Fed. App'x at 446.

[5] The improperly admitted evidence in the case at bar consisted of the following out-of-court statements: (1) petitioner's nickname was "Black"; (2) petitioner's cousin, who was also an informant for the Drug Enforcement Agency, identified petitioner as one of four individuals the police should investigate; and (3) "Black was crying and he was talking about the robbery at the Laundromat and that no one was supposed to get hurt." (R&R at 10.)

## III. Conclusion

For the reasons set forth above, the R&R is adopted in its entirety and McBee's petition for a writ of habeas corpus is denied. Petitioner is granted a certificate of appealability as petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

SO ORDERED.

Dated: Brooklyn, New York
July 24, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge